**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | |
|---|---|
| NEURAL AI, LLC,<br><br>Petitioner,<br><br>v.<br><br>X.AI CORP,<br><br>Respondent. | Misc. Case No. 7:26-mc-00319-DC<br><br>Principal case pending in Western District of Texas, Civil Action No. 7:24-cv-00221-LS-DTG |

**DECLARATION OF TANNER LAICHE IN SUPPORT OF NEURAL AI'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENA SERVED ON THIRD-PARTY X.AI CORP.**

I, Tanner Laiche, declare as follows:

1. I am an attorney duly licensed to practice in the States of California and Washington and am admitted to the Western District of Texas. I am an associate at the law firm of Susman Godfrey LLP, and am a counsel of record for Petitioner Neural AI, LLC ("NAI") in the above-captioned matter. I make this declaration in support of NAI's Motion to Compel Compliance with Subpoena Served on Third-Party x.AI Corp. ("xAI"). Unless otherwise stated, I have personal knowledge of the facts set forth herein and could competently testify thereto.

2. Attached hereto as **Exhibit 1** is a true and correct copy of NAI's First Amended Complaint for Patent Infringement filed in the Underlying Action on December 12, 2024.

3. Attached hereto as **Exhibit 2** is a true and correct copy of U.S. Patent No. 8,648,867, entitled "Graphic Processor Based Accelerator System and Method."

4. Attached hereto as **Exhibit 3** is a true and correct copy of Reissue Patent No. RE48,438, entitled "Graphic Processor Based Accelerator System and Method."

5. Attached hereto as **Exhibit 4** is a true and correct copy of Reissue Patent No. RE49,461, entitled "Graphic Processor Based Accelerator System and Method."

6. Attached hereto as **Exhibit 5** is a true and correct copy of NAI's Subpoenas to Produce Documents and to Testify at a Deposition served on x.AI Corp., served on June 25, 2026, including the accompanying definitions, instructions, requests for production, and deposition topics.

7. Attached hereto as **Exhibit 6** is a true and correct copy of the Affidavit of Service confirming service of the subpoenas on xAI's registered agent on June 25, 2026.

8. Attached hereto as **Exhibit 7** is a true and correct copy of NAI's January 20, 2026 Final Infringement Contentions Cover Page filed in the Underlying Action.

9. Attached hereto as **Exhibit 8** is a true and correct copy of NVIDIA's Amended Answer to NAI's Amended Complaint, filed on November 25, 2025, as docketed at Dkt. 130 in the Underlying Action (public, redacted version).

10. Attached hereto as **Exhibit 9** is a true and correct copy of Non-Party x.AI Corp.'s Objections and Responses to Plaintiffs' Subpoena to Produce Documents, Information, or Objects and Subpoena to Testify at a Deposition in a Civil Action, dated July 17, 2026.

11. Attached hereto as **Exhibit 10** is a true and correct copy of the meet-and-confer correspondence between counsel for NAI and counsel for xAI.

12. Attached hereto as **Exhibit 11** is a true and correct copy of NAI's Third-Party Questions provided to xAI on August 4, 2026.

13. Attached hereto as **Exhibit 12** is a true and correct copy of NAI's Draft Third-Party Declaration provided to xAI on August 4, 2026.

14. Attached hereto as **Exhibit 13** is a true and correct copy of an NVIDIA Newsroom

post titled “NVIDIA Ethernet Networking Accelerates World’s Largest AI Supercomputer, Built by xAI,” printed from https://blogs.nvidia.com. I obtained this document from NVIDIA’s publicly accessible website on August 17, 2026.

15. Attached hereto as **Exhibit 14** is a true and correct copy of a Tom’s Hardware article titled “Elon Musk says SpaceX will exclusively use Nvidia GPUs ‘because they are the best’,” printed from https://www.tomshardware.com. I obtained this document from Tom’s Hardware’s publicly accessible website on August 17, 2026.

16. Attached hereto as **Exhibit 15** is a true and correct copy of NVIDIA Corporation’s press release titled “NVIDIA Announces Financial Results for Third Quarter Fiscal 2025,” printed from https://nvidianews.nvidia.com. I obtained this document from NVIDIA’s publicly accessible website on August 17, 2026.

17. Attached hereto as **Exhibit 16** is a true and correct copy of a news report titled “Musk’s xAI Takes Over Seaholm Office Sublease in Austin,” printed from a publicly accessible news website. I obtained this document from a publicly accessible website on August 17, 2026.

18. Attached hereto as **Exhibit 17** is a true and correct copy of a FOX 7 Austin news article titled “AI chip facility coming to Austin, Elon Musk announces,” printed from https://www.fox7austin.com. I obtained this document from FOX 7 Austin’s publicly accessible website on August 17, 2026.

19. Attached hereto as **Exhibit 18** is a true and correct copy of the Open Roles webpage for SpaceXAI & X Platform, printed from the SpaceXAI website. I obtained this document from a publicly accessible website on August 17, 2026.

20. Attached hereto as **Exhibit 19** is a true and correct copy of additional meet-and-confer correspondence between counsel for NAI and counsel for xAI, dated August 6 through

August 11, 2026.

21. The Underlying Action—*Neural AI, LLC v. NVIDIA Corporation*, Case No. 7:24-cv-00221-LS-DTG (W.D. Tex.)—is a patent infringement action in which NAI alleges that NVIDIA Corporation's ("NVIDIA") GPU-accelerated computing hardware and software infringe U.S. Patent No. 8,648,867 (the "'867 Patent"), Reissue Patent No. RE48,438 (the "'438 Patent"), and Reissue Patent No. RE49,461 (the "'461 Patent") (collectively, the "Asserted Patents").

22. Throughout discovery in the above-captioned action, NVIDIA has taken the position that NAI must obtain evidence from NVIDIA's customers and end users to prove how the accused products are actually deployed and configured. During a sealed discovery conference on September 8, 2025, NVIDIA's counsel represented to the Court that it only provides tools for end-user companies to build their own AI applications on NVIDIA hardware and that if NAI wanted to learn how the accused software was deployed in real-world systems, NAI would need to seek that information directly from NVIDIA's customers and end users.

23. Throughout discovery NVIDIA has also disclaimed knowledge concerning how its customers, partners, and end users ultimately deploy, configure, and operate NVIDIA hardware and software. NAI accordingly turned to third-party discovery, including subpoenas to xAI, to obtain the evidence NVIDIA contends NAI must have.

24. As of the date of this declaration, xAI has not: (a) identified any specific document requests to which it will respond; (b) agreed to produce any responsive documents; (c) answered NAI's technical questions; (d) proposed any revisions to the draft declaration; (e) designated a witness for deposition; or (f) committed to any date by which it will do any of the foregoing.

25. Document discovery in the Underlying Action closed on August 11, 2026. NVIDIA has agreed to extend Neural AI's deadline to file third-party discovery motions through August

18, 2026. Deposition discovery closes on September 16, 2026.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 18, 2026, in Seattle, Washington.

Tanner Laiche