# EXHIBIT

# 9

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**

| | |
|---|---|
| Neural AI, LLC,<br>Plaintiff,<br>v.<br>NVIDIA Corporation<br>Defendants. | Civil Action No. 7:24-cv-00221-ADA-DTG<br>Hon. Derek T. Gilliland |

**NON-PARTY X.AI CORP.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS AND <u>SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION</u>**

MCDERMOTT WILL & SCHULTE LLP
ATTORNEYS AT LAW
LOS ANGELES

McDermott Will & Schulte LLP
Attorneys At Law
Los Angeles

## PRELIMINARY STATEMENT

x.AI Corp.'s ("xAI") responses and objections to the Subpoena to Testify at a Deposition in a Civil Action (the "Subpoena") are given without waiving, and expressly reserving: (a) all objections as to the competency, relevancy, materiality, admissibility, or any other use of the responses and the subject matter thereof as evidence for any purpose in any further proceeding in this action, including the trial of this action, or in any other action; and (b) all privileges, including the attorney-client privilege and the work product doctrine. xAI expressly reserves the right to assert such objections and privileges in this action, including trial, or in any other action.

Investigation of this matter is in progress and may result in the location of additional information and/or documents that are responsive to or otherwise affect xAI's responses and objections. xAI's further investigation and discovery also may reveal that the facts and documents responsive to the Subpoena are imperfectly understood, or that it possesses additional legal theories in this case, together with additional facts, documents, and/or witnesses in support thereof. xAI reserves the right, without obligating itself to do so, to conduct further discovery and investigation for information and documents which, if presently known, would have affected these responses and objections.

The following responses and objections are given without prejudice to xAI's production of any subsequently obtained or discovered facts, or its production of information and/or documents discovered as a result of inquiries and investigations made for the purpose of responding to the Subpoena. xAI reserves the right to amend and/or supplement its written responses and objections in the event such other materials or information are discovered or in the event any information, document, or objection is unintentionally omitted. xAI, however, assumes no obligation to voluntarily supplement or amend these responses and objections to reflect information, evidence, documents, or things discovered following service of these responses and objections. Nevertheless, xAI expressly reserves the right to rely on, at any time, subsequently discovered information and/or documents or other information or evidence omitted from the responses or objections to the Subpoena as the result of error, oversight, or inadvertence. The responses and objections contained herein should in no way be construed to prejudice xAI in relation to future discovery, research, or

analysis in this or any other action.

## GENERAL OBJECTIONS

Specific objections to the document requests (each a "Request") and deposition topics (each a "Topic") are stated in response to each Request and Topic. In addition, xAI asserts the following general objections to each and every Request and Topic, which general objections shall be deemed continuing as to each Request and Topic and are not waived, or limited, by xAI's specific objections and responses to each Request or Topic below:

1. xAI objects to the date that Plaintiff unilaterally noticed for a deposition, July 21, 2026, without contacting or consulting with xAI. xAI will not produce any witness on July 21, 2026.

2. xAI objects to each Topic in the Subpoena that fails to describe the matters for examination with reasonable particularity.

3. xAI objects to each Request and Topic in the Subpoena under Rule 26(b)(1), as not seeking information that is relevant to any party's claim or defense or being proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

4. xAI objects to each Request and Topic in the Subpoena as overbroad, unduly burdensome, oppressive, cumulative, and duplicative, including insofar as they seek information that is more appropriately obtained from the party or entity about whom the Requests and Topics primarily concern, or that is obtainable from another source that is more convenient, less burdensome, or less expensive.

5. xAI objects to each Request and Topic in the Subpoena as they seek information protected by the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the common interest doctrine, and/or any other privilege, immunity, or doctrine of similar force and effect.

6. xAI objects to each Request and Topic in the Subpoena as they seek confidential, proprietary, commercially sensitive, trade secret, competitively sensitive, private, or personal

MCDERMOTT WILL & SCHULTE LLP
ATTORNEYS AT LAW
LOS ANGELES

information.

7. xAI objects to each Request and Topic in the Subpoena to the extent they seek information and/or documents that are not within xAI's possession, custody, or control.

8. xAI objects to all definitions, instructions, Requests, and Topics that purport to impose obligations on xAI that are different from, in addition to, or greater than those set forth in the Federal Rules of Civil Procedure.

9. xAI objects to any Topic in the Subpoena, asking xAI to produce a witness for testimony as being unduly burdensome, where Plaintiff's requests could potentially be satisfied by the production of documents only.

10. xAI objects to the defined term "Documents" to the extent it is defined more broadly, and thus seeks to impose greater obligations, than those set by the Federal Rules of Civil Procedure, rendering it overbroad, vague and ambiguous, and neither relevant nor proportional to the needs of the case.

11. xAI objects to the defined term "Concerning" on the grounds it is overbroad, vague and ambiguous, and neither relevant nor proportional to the needs of the case.

12. xAI objects to the defined term "NVIDIA GPUs" on the grounds it is overbroad, vague and ambiguous, and neither relevant nor proportional to the needs of the case.

**SPECIFIC RESPONSES TO DOCUMENT REQUESTS**

**REQUEST FOR PRODUCTION NO. 1:**

Documents sufficient to identify all software, frameworks, libraries, APIs, scripts, Source Code, configuration files, and custom code You use to perform computations on NVIDIA GPUs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

xAI hereby incorporates by reference the General Objections as though fully set forth herein. xAI further objects to the terms "identify," "all software," "frameworks," "libraries," "scripts," "Source Code," "configuration files," "custom code," "use," and "perform computations" on the basis that these terms are vague, ambiguous, overbroad, and unduly burdensome, as the scope of the information sought is unclear and neither relevant nor proportional to the needs of the case. xAI objects to the Request to the extent it fails to specify a time frame, rendering the request overly broad



MCDERMOTT WILL & SCHULTE LLP
ATTORNEYS AT LAW
LOS ANGELES

McDermott Will & Schulte LLP
Attorneys At Law
Los Angeles

and unduly burdensome. xAI further objects to this Request to the extent that documents sought are not in xAI's possession, custody, or control, and should be properly sought from a party to the litigation. xAI objects to the Request to the extent it imposes an undue burden and expense on a non-party. The Request requires expansive searches for highly technical, internal, and potentially sensitive materials that would require substantial effort to identify, review, and produce. To the extent Plaintiff has already propounded discovery on Defendants seeking documents encompassed by this Request, it is duplicative, unduly burdensome, and harassing, and seeks information more appropriately obtained from those parties. xAI further objects to this Request to the extent it seeks information that constitutes confidential proprietary and/or financial information, and/or trade secrets. xAI further objects to this Request to the extent it seeks information that is subject to the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the common interest doctrine, and/or any other privilege or doctrine of similar force and effect.

Subject to, and without waiving, the foregoing general and specific objections, xAI responds as follows: xAI will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 2:**

Documents sufficient to identify all software, frameworks, libraries, APIs, scripts, Source Code, configuration files, and custom code You use to perform computations on NVIDIA GPUs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

xAI hereby incorporates by reference the General Objections as though fully set forth herein. xAI further objects to the terms "identify," "software," "frameworks," "libraries," "scripts," "Source Code," "configuration files," "custom code," "use," and "perform computations" on the basis that these terms are vague, ambiguous, overbroad, and unduly burdensome, as the scope of the information sought is unclear and neither relevant nor proportional to the needs of the case. xAI objects to the Request to the extent it fails to specify a time frame, rendering the request overly broad and unduly burdensome. xAI further objects to this Request to the extent that documents sought are not in xAI's possession, custody, or control, and should be properly sought from a party to the litigation. To the extent Plaintiff has already propounded discovery on Defendants seeking documents encompassed by this Request, it is duplicative, unduly burdensome, and harassing, and

seeks information more appropriately obtained from those parties. xAI objects to the Request to the extent it imposes an undue burden and expense on a non-party. The Request requires expansive searches for highly technical, internal, and potentially sensitive materials that would require substantial effort to identify, review, and produce. xAI further objects to this Request to the extent it seeks information that constitutes confidential proprietary and/or financial information, and/or trade secrets. xAI further objects to this Request to the extent it seeks information that is subject to the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the common interest doctrine, and/or any other privilege or doctrine of similar force and effect.

Subject to, and without waiving, the foregoing general and specific objections, xAI responds as follows: xAI will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 3:**

Documents sufficient to show whether You use sample Source Code provided by NVIDIA as part of computations You perform using NVIDIA GPUs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

xAI hereby incorporates by reference the General Objections as though fully set forth herein. xAI further objects to the terms "show," "use," "sample Source Code," "provided by NVIDIA," "as part of," and "computations" on the basis that these terms are vague, ambiguous, overbroad, and unduly burdensome, as the scope of the information sought is unclear and neither relevant nor proportional to the needs of the case. xAI objects to the Request to the extent it fails to specify a time frame, rendering the request overly broad and unduly burdensome. xAI further objects to this Request to the extent that documents sought are not in xAI's possession, custody, or control, and should be properly sought from a party to the litigation. To the extent Plaintiff has already propounded discovery on Defendants seeking documents encompassed by this Request, it is duplicative, unduly burdensome, and harassing, and seeks information more appropriately obtained from those parties. xAI objects to the Request to the extent it imposes an undue burden and expense on a non-party. The Request requires expansive searches for highly technical, internal, and potentially sensitive materials that would require substantial effort to identify, review, and produce. xAI further objects to this Request to the extent it seeks information that constitutes confidential proprietary and/or financial

information, and/or trade secrets. xAI further objects to this Request to the extent it seeks information that is subject to the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the common interest doctrine, and/or any other privilege or doctrine of similar force and effect.

Subject to, and without waiving, the foregoing general and specific objections, xAI responds as follows: xAI will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 4:**

Documents sufficient to show whether and how any software You use to perform computations on NVIDIA GPUs calls, invokes, interfaces with, wraps, depends on, sits on top of, modifies, extends, or implements functionality provided by CUDA, cuDNN, TensorRT, CUDA libraries, CUDA drivers, CUDA runtime, CUDA applications or frameworks or any other NVIDIA software.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

xAI hereby incorporates by reference the General Objections as though fully set forth herein. xAI further objects to the terms “show,” “how,” “any software,” “use,” “perform computations,” “calls,” “invokes,” “interfaces with,” “wraps,” “depends on,” “sits on top of,” “modifies,” “extends,” “implements functionality,” “provided by,” “libraries,” “drivers,” “runtime,” “applications or frameworks,” and “any other NVIDIA software” on the basis that these terms are vague, ambiguous, overbroad, and unduly burdensome, as the scope of the information sought is unclear and neither relevant nor proportional to the needs of the case. xAI objects to the Request to the extent it fails to specify a time frame, rendering the request overly broad and unduly burdensome. xAI further objects to this Request to the extent that documents sought are not in xAI’s possession, custody, or control, and should be properly sought from a party to the litigation. To the extent Plaintiff has already propounded discovery on Defendants seeking documents encompassed by this Request, it is duplicative, unduly burdensome, and harassing, and seeks information more appropriately obtained from those parties. xAI objects to the Request to the extent it imposes an undue burden and expense on a non-party. The Request requires expansive searches for highly technical, internal, and potentially sensitive materials that would require substantial effort to identify, review, and produce.

McDermott Will & Schulte LLP
Attorneys At Law
Los Angeles

McDermott Will & Schulte LLP
Attorneys At Law
Los Angeles

xAI further objects to this Request to the extent it seeks information that constitutes confidential proprietary and/or financial information, and/or trade secrets. xAI further objects to this Request to the extent it seeks information that is subject to the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the common interest doctrine, and/or any other privilege or doctrine of similar force and effect.

Subject to, and without waiving, the foregoing general and specific objections, xAI responds as follows: xAI will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 5:**

Documents sufficient to show the architecture, design, data flow, control flow, and execution flow of any system in which You use NVIDIA GPUs to perform computations, including diagrams, technical specifications, design documents, Powerpoints, slide decks, internal and external presentations, Source Code, configuration files, build files, deployment files, runtime, logs, and profiler traces.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

xAI hereby incorporates by reference the General Objections as though fully set forth herein. xAI further objects to the terms “show,” “architecture,” “design,” “data flow,” “control flow,” “execution flow,” “any system,” “use,” “perform computations,” “diagrams,” “technical specifications,” “design documents,” internal and external presentations,” “Source Code,” “configuration files,” “build files,” “deployment files,” “runtime logs,” and “profile traces” on the basis that these terms are vague, ambiguous, overbroad, and unduly burdensome, as the scope of the information sought is unclear and neither relevant nor proportional to the needs of the case. xAI objects to the Request to the extent it fails to specify a time frame, rendering the request overly broad and unduly burdensome. xAI further objects to this Request to the extent that documents sought are not in xAI’s possession, custody, or control, and should be properly sought from a party to the litigation. To the extent Plaintiff has already propounded discovery on Defendants seeking documents encompassed by this Request, it is duplicative, unduly burdensome, and harassing, and seeks information more appropriately obtained from those parties. xAI objects to the Request to the extent it imposes an undue burden and expense on a non-party. The Request requires expansive

searches for highly technical, internal, and potentially sensitive materials that would require substantial effort to identify, review, and produce. xAI further objects to this Request to the extent it seeks information that constitutes confidential proprietary and/or financial information, and/or trade secrets. xAI further objects to this Request to the extent it seeks information that is subject to the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the common interest doctrine, and/or any other privilege or doctrine of similar force and effect.

Subject to, and without waiving, the foregoing general and specific objections, xAI responds as follows: xAI will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 6:**

Documents sufficient to show whether computations You performed using NVIDIA GPUs involved artificial neural networks, neural-network computational layers or computations with outputs as inputs for other neurons or layers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

xAI hereby incorporates by reference the General Objections as though fully set forth herein. xAI further objects to the terms "show," "computations," "performed," "involved," "artificial neural networks," "neural-network computational layers," "computation layers," and "computations with outputs as inputs for other neurons or layers" on the basis that these terms are vague, ambiguous, overbroad, and unduly burdensome, as the scope of the information sought is unclear and neither relevant nor proportional to the needs of the case. xAI objects to the Request to the extent it fails to specify a time frame, rendering the request overly broad and unduly burdensome. xAI further objects to this Request to the extent that documents sought are not in xAI's possession, custody, or control, and should be properly sought from a party to the litigation. To the extent Plaintiff has already propounded discovery on Defendants seeking documents encompassed by this Request, it is duplicative, unduly burdensome, and harassing, and seeks information more appropriately obtained from those parties. xAI objects to the Request to the extent it imposes an undue burden and expense on a non-party. The Request requires expansive searches for highly technical, internal, and potentially sensitive materials that would require substantial effort to identify, review, and produce. xAI further objects to this Request to the extent it seeks information that constitutes confidential

MCDERMOTT WILL & SCHULTE LLP
ATTORNEYS AT LAW
LOS ANGELES

proprietary and/or financial information, and/or trade secrets. xAI further objects to this Request to the extent it seeks information that is subject to the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the common interest doctrine, and/or any other privilege or doctrine of similar force and effect.

Subject to, and without waiving, the foregoing general and specific objections, xAI responds as follows: xAI will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 7:**

Documents sufficient to show whether You use a pointer to data stored in memory (e.g. memory bank or partition), using as an input to a subsequent computational layer the pointer to output data from a GPU computation, using pointers in neural network computations, swapping an input pointer with the pointer to data output from a GPU computation, pointer swapping, pointer rotation, buffer swapping, ping-pong buffers, double or triple buffering, alternating input/output buffers, or any other technique in which output data from one computation, layer, iteration, time step, or cycle becomes input data for a later computation, layer, iteration, time step, or cycle.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

xAI hereby incorporates by reference the General Objections as though fully set forth herein. xAI further objects to the terms "show," "use," "pointer," "data stored in memory (e.g., memory bank or partition)," "input to a subsequent computational layer," "pointer to output data," "GPU computation," "neural network computations," "pointer swapping," "pointer rotation," "buffer swapping," "ping-pong buffers," "double or triple buffering," "alternating input/output buffers," "any other technique," "computation," "layer," "iteration," "time step," and "cycle" on the basis that these terms are vague, ambiguous, overbroad, and unduly burdensome, as the scope of the information sought is unclear and neither relevant nor proportional to the needs of the case. xAI objects to the Request to the extent it fails to specify a time frame, rendering the request overly broad and unduly burdensome. xAI further objects to this Request to the extent that documents sought are not in xAI's possession, custody, or control, and should be properly sought from a party to the litigation. To the extent Plaintiff has already propounded discovery on Defendants seeking documents encompassed by this Request, it is duplicative, unduly burdensome, and harassing, and

McDermott Will & Schulte LLP
Attorneys At Law
Los Angeles

seeks information more appropriately obtained from those parties. xAI objects to the Request to the extent it imposes an undue burden and expense on a non-party. The Request requires expansive searches for highly technical, internal, and potentially sensitive materials that would require substantial effort to identify, review, and produce. xAI further objects to this Request to the extent it seeks information that constitutes confidential proprietary and/or financial information, and/or trade secrets. xAI further objects to this Request to the extent it seeks information that is subject to the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the common interest doctrine, and/or any other privilege or doctrine of similar force and effect.

Subject to, and without waiving, the foregoing general and specific objections, xAI responds as follows: xAI will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 8:**

Documents sufficient to show whether You store input data, output data, intermediate results, tensors, activations, weights, parameters, internal variables, GPU programs, kernels, textures, shaders, or other GPU-computation-related data in separate, partitioned, logical, physical, first/second, input/output, texture, shader, shared, global, device, host, pinned, GPU RAM, GPU cache(s), or unified memory regions (shared by CPU and GPU) when performing computations using NVIDIA GPUs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

xAI hereby incorporates by reference the General Objections as though fully set forth herein. xAI further objects to the terms "show," "store," "input data," "output data," "intermediate results," "tensor," "activations," "weights," "parameters," "internal variables," "GPU programs," "kernels," "textures," "shaders," "or other GPU-computation-related data," "separate," "partitioned," "logical," "physical," "memory regions," and "performing computations" on the basis that these terms are vague, ambiguous, overbroad, and unduly burdensome, as the scope of the information sought is unclear and neither relevant nor proportional to the needs of the case. xAI objects to the Request to the extent it fails to specify a time frame, rendering the request overly broad and unduly burdensome. xAI further objects to this Request to the extent that documents sought are not in xAI's possession, custody, or control, and should be properly sought from a party to the litigation. To the extent

Plaintiff has already propounded discovery on Defendants seeking documents encompassed by this Request, it is duplicative, unduly burdensome, and harassing, and seeks information more appropriately obtained from those parties. xAI objects to the Request to the extent it imposes an undue burden and expense on a non-party. The Request requires expansive searches for highly technical, internal, and potentially sensitive materials that would require substantial effort to identify, review, and produce. xAI further objects to this Request to the extent it seeks information that constitutes confidential proprietary and/or financial information, and/or trade secrets. xAI further objects to this Request to the extent it seeks information that is subject to the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the common interest doctrine, and/or any other privilege or doctrine of similar force and effect.

Subject to, and without waiving, the foregoing general and specific objections, xAI responds as follows: xAI will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 9:**

Documents sufficient to show how input data is received, acquired, stored, transferred, copied, streamed, prefetched, staged, queued, or loaded from CPU memory, host memory, system memory, storage, sensors, cameras, or other input sources to NVIDIA GPU memory including GPU RAM (e.g. GPU HBM, GDDR) and/or GPU cache(s}-before, during, or in parallel with computations You perform using NVIDIA GPUs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

xAI hereby incorporates by reference the General Objections as though fully set forth herein. xAI further objects to the terms "show," "how input data," "received," "acquired," "stored," "transferred," "copied," "streamed," "prefetched," "staged," "queued," "loaded," "other input sources," "before," "during," "in parallel with," and "computations" on the basis that these terms are vague, ambiguous, overbroad, and unduly burdensome, as the scope of the information sought is unclear and neither relevant nor proportional to the needs of the case. xAI objects to the Request to the extent it fails to specify a time frame, rendering the request overly broad and unduly burdensome. xAI further objects to this Request to the extent that documents sought are not in xAI's possession, custody, or control, and should be properly sought from a party to the litigation. To the extent

McDermott Will & Schulte LLP
Attorneys At Law
Los Angeles

Plaintiff has already propounded discovery on Defendants seeking documents encompassed by this Request, it is duplicative, unduly burdensome, and harassing, and seeks information more appropriately obtained from those parties. xAI objects to the Request to the extent it imposes an undue burden and expense on a non-party. The Request requires expansive searches for highly technical, internal, and potentially sensitive materials that would require substantial effort to identify, review, and produce. xAI further objects to this Request to the extent it seeks information that constitutes confidential proprietary and/or financial information, and/or trade secrets. xAI further objects to this Request to the extent it seeks information that is subject to the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the common interest doctrine, and/or any other privilege or doctrine of similar force and effect.

Subject to, and without waiving, the foregoing general and specific objections, xAI responds as follows: xAI will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 10:**

Documents sufficient to show how output data from a GPU computation(s), intermediate results of GPU computations, tensors, buffers, activations, variables, or other computation results are stored, transferred, copied, streamed, written back, returned, accumulated, reused, or made available including asynchronously from NVIDIA GPU memory to CPU memory, host memory, system memory, storage, display, network, or another memory location before, during, or in parallel with computations You perform using NVIDIA GPUs-and also including in the opposite direction, copying data from CPU or host or other memory to a queue for GPU computation while other GPU computations are occurring..

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

xAI hereby incorporates by reference the General Objections as though fully set forth herein. xAI further objects to the terms “show,” “how,” “GPU computation(s),” “intermediate results,” “other computation results,” “stored,” “transferred,” “copied,” “streamed,” “written back,” “returned,” “accumulated,” “reused,” “made available,” “asynchronously,” “another memory location,” “before,” “during,” “in parallel with,” “computations,” “opposite direction,” “queue for GPU computation,” and “while other GPU computations are occurring” on the basis that these terms

McDERMOTT WILL & SCHULTE LLP
ATTORNEYS AT LAW
LOS ANGELES

McDermott Will & Schulte LLP
Attorneys At Law
Los Angeles

are vague, ambiguous, overbroad, and unduly burdensome, as the scope of the information sought is unclear and neither relevant nor proportional to the needs of the case. xAI objects to the Request to the extent it fails to specify a time frame, rendering the request overly broad and unduly burdensome. xAI further objects to this Request to the extent that documents sought are not in xAI's possession, custody, or control, and should be properly sought from a party to the litigation. To the extent Plaintiff has already propounded discovery on Defendants seeking documents encompassed by this Request, it is duplicative, unduly burdensome, and harassing, and seeks information more appropriately obtained from those parties. xAI objects to the Request to the extent it imposes an undue burden and expense on a non-party. The Request requires expansive searches for highly technical, internal, and potentially sensitive materials that would require substantial effort to identify, review, and produce. xAI further objects to this Request to the extent it seeks information that constitutes confidential proprietary and/or financial information, and/or trade secrets. xAI further objects to this Request to the extent it seeks information that is subject to the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the common interest doctrine, and/or any other privilege or doctrine of similar force and effect.

Subject to, and without waiving, the foregoing general and specific objections, xAI responds as follows: xAI will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 11:**

Documents sufficient to show how computations You perform using NVIDIA GPUs are scheduled, ordered, controlled, queued, synchronized, parallelized, launched, interrupted, resumed, or executed, including through kernels, CUDA streams, CUDA graphs, events, threads, controllers, schedulers, compilers, runtimes, inference engines, run lists, run engines, or custom software.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

xAI hereby incorporates by reference the General Objections as though fully set forth herein. xAI further objects to the terms "show," "how," "GPU computation(s)," "perform using," "scheduled," "ordered," "controlled," "queued," "synchronized," "parallelized," "launched," "interrupted," "resumed," "executed," "kernels," "streams," "graphs," "events," "threads," "controllers," "schedulers," "compilers," "runtimes," "interest engines," "run lists," "run engines,"

McDermott Will & Schulte LLP
Attorneys At Law
Los Angeles

and "custom software" on the basis that these terms are vague, ambiguous, overbroad, and unduly burdensome, as the scope of the information sought is unclear and neither relevant nor proportional to the needs of the case. xAI objects to the Request to the extent it fails to specify a time frame, rendering the request overly broad and unduly burdensome. xAI further objects to this Request to the extent that documents sought are not in xAI's possession, custody, or control, and should be properly sought from a party to the litigation. To the extent Plaintiff has already propounded discovery on Defendants seeking documents encompassed by this Request, it is duplicative, unduly burdensome, and harassing, and seeks information more appropriately obtained from those parties. xAI objects to the Request to the extent it imposes an undue burden and expense on a non-party. The Request requires expansive searches for highly technical, internal, and potentially sensitive materials that would require substantial effort to identify, review, and produce. xAI further objects to this Request to the extent it seeks information that constitutes confidential proprietary and/or financial information, and/or trade secrets. xAI further objects to this Request to the extent it seeks information that is subject to the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the common interest doctrine, and/or any other privilege or doctrine of similar force and effect.

Subject to, and without waiving, the foregoing general and specific objections, xAI responds as follows: xAI will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 12:**

Documents sufficient to show whether and how user inputs, user commands, configuration changes, parameter changes, model changes, computational-element changes, input changes, interruptions, or display/output changes affect computations You perform using NVIDIA GPUs and/or queue them for GPU computation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

xAI hereby incorporates by reference the General Objections as though fully set forth herein. xAI further objects to the terms "show," "how," "user inputs," "user commands," "configuration changes," "parameter changes," "model changes," "computational-element changes," "input changes," "perform," "interruptions," "display/output changes," "affect," "computations," and

"queue them for GPU computation" on the basis that these terms are vague, ambiguous, overbroad, and unduly burdensome, as the scope of the information sought is unclear and neither relevant nor proportional to the needs of the case. xAI objects to the Request to the extent it fails to specify a time frame, rendering the request overly broad and unduly burdensome. xAI further objects to this Request to the extent that documents sought are not in xAI's possession, custody, or control, and should be properly sought from a party to the litigation. To the extent Plaintiff has already propounded discovery on Defendants seeking documents encompassed by this Request, it is duplicative, unduly burdensome, and harassing, and seeks information more appropriately obtained from those parties. xAI objects to the Request to the extent it imposes an undue burden and expense on a non-party. The Request requires expansive searches for highly technical, internal, and potentially sensitive materials that would require substantial effort to identify, review, and produce. xAI further objects to this Request to the extent it seeks information that constitutes confidential proprietary and/or financial information, and/or trade secrets. xAI further objects to this Request to the extent it seeks information that is subject to the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the common interest doctrine, and/or any other privilege or doctrine of similar force and effect.

Subject to, and without waiving, the foregoing general and specific objections, xAI responds as follows: xAI will not produce documents in response to this Request.

## SPECIFIC RESPONSES TO DEPOSITION TOPICS

**TOPIC NO. 1:**

The NVIDIA software and libraries You use to perform computations, including but not limited to NVIDIA's Aerial, Clara Parabricks, cuBLAS, cuDNN, cuFFT, cuQuantum, cuSOLVER, cuSPARSE, Drive, DriveWorks, Holoscan, Isaac, Isaac Lab, Maxine, Memory Map, Merlin, Metropolis, Modulus, Monai, Morpheus, NeMo, PyTorch, RAPIDS, Riva, Runtime Driver, TensorFlow, TensorRT, Triton, VSS (Deepstream).

**RESPONSE TO TOPIC NO. 1:**

xAI hereby incorporates by reference the General Objections as though fully set forth herein. xAI further objects to the terms "software," "libraries," "use," "perform computations," "including



MCDERMOTT WILL & SCHULTE LLP
ATTORNEYS AT LAW
LOS ANGELES

McDermott Will & Schulte LLP
Attorneys At Law
Los Angeles

but not limited to," "Runtime Driver," "Memory Map," and "VSS (Deepstream)" on the basis that these terms are vague, ambiguous, overbroad, and unduly burdensome, as the scope of the information sought is unclear and neither relevant nor proportional to the needs of the case. xAI further objects that this Topic fails to describe the matter on which examination is requested with reasonable particularity, and therefore is vague, ambiguous, unintelligible, and overbroad. xAI further objects to this Topic to the extent that the information sought is not in xAI's possession, custody, or control, and should be properly sought from a party to the litigation. xAI objects to the Request to the extent it imposes an undue burden and expense on a non-party. The Request requires expansive searches for highly technical, internal, and potentially sensitive information that would require substantial effort to identify, review, and be prepared to testify about. xAI further objects to this Request to the extent it seeks information that constitutes confidential proprietary and/or financial information, and/or trade secrets. xAI further objects to this Topic to the extent it seeks information that is subject to the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the common interest doctrine, and/or any other privilege or doctrine of similar force and effect.

Without waiving and subject to the foregoing general and specific objections, xAI responds as follows: xAI will not produce a witness to testify about this Topic.

**TOPIC NO. 2:**

The NVIDIA sample Source Code You use, in whole or in part, to conduct computations.

**RESPONSE TO TOPIC NO. 2:**

xAI hereby incorporates by reference the General Objections as though fully set forth herein. xAI further objects to the terms "sample Source Code," "use," "in whole or in part," and "conduct computations" on the basis that these terms are vague, ambiguous, overbroad, and unduly burdensome, as the scope of the information sought is unclear and neither relevant nor proportional to the needs of the case. xAI further objects that this Topic fails to describe the matter on which examination is requested with reasonable particularity, and therefore is vague, ambiguous, unintelligible, and overbroad. xAI further objects to this Topic to the extent that the information sought is not in xAI's possession, custody, or control, and should be properly sought from a party to

the litigation. xAI objects to the Request to the extent it imposes an undue burden and expense on a non-party. The Request requires expansive searches for highly technical, internal, and potentially sensitive information that would require substantial effort to identify, review, and be prepared to testify about. xAI further objects to this Request to the extent it seeks information that constitutes confidential proprietary and/or financial information, and/or trade secrets. xAI further objects to this Topic to the extent it seeks information that is subject to the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the common interest doctrine, and/or any other privilege or doctrine of similar force and effect.

Without waiving and subject to the foregoing general and specific objections, xAI responds as follows: xAI will not produce a witness to testify about this Topic.

**TOPIC NO. 3:**

Your customizations and/or data inputs to NVIDIA software that alter the way in which NVIDIA software performs computations and/or a description of the data input to NVIDIA software on which computations are run.

**RESPONSE TO TOPIC NO. 3:**

xAI hereby incorporates by reference the General Objections as though fully set forth herein. xAI further objects to the terms “customizations,” “data inputs,” “NVIDIA software,” “alter,” “performs computations,” “description,” “computations,” and “run” on the basis that these terms are vague, ambiguous, overbroad, and unduly burdensome, as the scope of the information sought is unclear and neither relevant nor proportional to the needs of the case. xAI further objects that this Topic fails to describe the matter on which examination is requested with reasonable particularity, and therefore is vague, ambiguous, unintelligible, and overbroad. xAI further objects to this Topic to the extent that the information sought is not in xAI’s possession, custody, or control, and should be properly sought from a party to the litigation. xAI objects to the Request to the extent it imposes an undue burden and expense on a non-party. The Request requires expansive searches for highly technical, internal, and potentially sensitive information that would require substantial effort to identify, review, and be prepared to testify about. xAI further objects to this Request to the extent it seeks information that constitutes confidential proprietary and/or financial information, and/or trade

secrets. xAI further objects to this Topic to the extent it seeks information that is subject to the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the common interest doctrine, and/or any other privilege or doctrine of similar force and effect.

Without waiving and subject to the foregoing general and specific objections, xAI responds as follows: xAI will not produce a witness to testify about this Topic.

**TOPIC NO. 4:**

Identification of Your software that uses NVIDIA GPUs to perform computations.

**RESPONSE TO TOPIC NO. 4:**

xAI hereby incorporates by reference the General Objections as though fully set forth herein. xAI further objects to the terms “Identification,” “software,” “uses,” “perform,” and “computations” on the basis that these terms are vague, ambiguous, overbroad, and unduly burdensome, as the scope of the information sought is unclear and neither relevant nor proportional to the needs of the case. xAI further objects that this Topic fails to describe the matter on which examination is requested with reasonable particularity, and therefore is vague, ambiguous, unintelligible, and overbroad. xAI further objects to this Topic to the extent that the information sought is not in xAI’s possession, custody, or control, and should be properly sought from a party to the litigation. xAI objects to the Request to the extent it imposes an undue burden and expense on a non-party. The Request requires expansive searches for highly technical, internal, and potentially sensitive information that would require substantial effort to identify, review, and be prepared to testify about. xAI further objects to this Request to the extent it seeks information that constitutes confidential proprietary and/or financial information, and/or trade secrets. xAI further objects to this Topic to the extent it seeks information that is subject to the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the common interest doctrine, and/or any other privilege or doctrine of similar force and effect.

Without waiving and subject to the foregoing general and specific objections, xAI responds as follows: xAI will not produce a witness to testify about this Topic.

**TOPIC NO. 5:**

Using Your software, the ways in which output data from a GPU computation(s), including

intermediate results of GPU computations are stored, referenced by a pointer, transferred, copied, streamed, written back, returned, accumulated, reused, or made available including asynchronously from NVIDIA GPU memory to CPU memory, host memory, system memory, storage, display, network, or another memory location before, during, or in parallel with computations performed using NVIDIA GPUs.

**RESPONSE TO TOPIC NO. 5:**

xAI hereby incorporates by reference the General Objections as though fully set forth herein. xAI further objects to the terms "using," "software," "ways," "output data," "GPU computation(s)," "intermediate results," "stored," "referenced by a pointer," "transferred," "copied," "streamed," "written back," "returned," "accumulated," "reused," "made available," "asynchronously," "GPU memory," "CPU memory," "host memory," "system memory," "storage," "display," "network," "another memory location," "before," "during," "in parallel with," "computations," and "NVIDIA GPUs" on the basis that these terms are vague, ambiguous, overbroad, and unduly burdensome, as the scope of the information sought is unclear and neither relevant nor proportional to the needs of the case. xAI further objects that this Topic fails to describe the matter on which examination is requested with reasonable particularity, and therefore is vague, ambiguous, unintelligible, and overbroad. xAI further objects to this Topic to the extent that the information sought is not in xAI's possession, custody, or control, and should be properly sought from a party to the litigation. xAI objects to the Request to the extent it imposes an undue burden and expense on a non-party. The Request requires expansive searches for highly technical, internal, and potentially sensitive information that would require substantial effort to identify, review, and be prepared to testify about. xAI further objects to this Request to the extent it seeks information that constitutes confidential proprietary and/or financial information, and/or trade secrets. xAI further objects to this Topic to the extent it seeks information that is subject to the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, the common interest doctrine, and/or any other privilege or doctrine of similar force and effect.

Without waiving and subject to the foregoing general and specific objections, xAI responds as follows: xAI will not produce a witness to testify about this Topic.

**MCDERMOTT WILL & SCHULTE LLP**

By: */s/ Jonathan Hawk*

J. JONATHAN HAWK
ARI R. SWAZER
MCDERMOTT WILL & SCHULTE
2049 Century Park East, Suite 3200
Los Angeles, CA 90067
Email: jhawk@mcdermottlaw.com

Attorneys for Non-Party xAI CORP.

MCDERMOTT WILL & SCHULTE LLP
ATTORNEYS AT LAW
LOS ANGELES

MCDERMOTT WILL & SCHULTE LLP
ATTORNEYS AT LAW
LOS ANGELES

**PROOF OF SERVICE**

I, Ari R. Swazer, declare:

I am employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 2049 Century Park East, Suite 3200, Los Angeles, CA 90067-3206. On July 17, 2026, I caused to be served a copy of the within document(s):

**NON-PARTY XAI'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS AND SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

☒ By Electronic Service: On the above-mentioned date, I caused the documents to be sent to the persons at the electronic service addresses listed below.

Emily Portuguese
Tamar Lusztig
**Susman Godfrey L.L.P.**
One Manhattan West, 50th Floor
New York, NY 10001
eportuguese@susmangodfrey.com
tlusztig@susmangodfrey.com

Max L. Tribble
Brian D. Melton
Rocco Magni
Samuel Drezdzon
**Susman Godfrey L.L.P.**
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
mtribble@susmangodfrey.com
bmelton@susmangodfrey.com
rmagni@susmangodfrey.com
sdrezdzon@susmangodfrey.com

Tanner Laiche
**Susman Godfrey L.L.P.**
401 Union Street, Suite 3000
Seattle, WA 98101
tlaiche@susmangodfrey.com

Mark D. Siegmund
**CHERRY JOHNSON SIEGMUND JAMES P.C.**
Bridgeview Center
7901 Fish Pond Road, 2nd Floor
Waco, Texas 76710
msiegmund@cjsjlaw.com

Max Ciccarelli
**CICCARELLI LAW FIRM LLC**
100 N. 6th Street, Suite 502
Waco, Texas 76701
Max@CiccarelliLawFirm.com

Attorneys for Plaintiff Neural AI, LLC

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 17, 2026, at San Francisco, California.

*/s/ Ari R. Swazer*